IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20387
Summary Calendar

_____

EARNEST WYNNE, JR.,

Plaintiff-Appellant,

versus

RANDALL LEE HEALY; EDWARD J. LEEVES, DR.;
SAM YOUNG; GLENDA ADAMS, MD. M. PH.;
PATRICIA MASSEY; MICHAEL WARREN;
M. JACKSON, Lieutenant; JERRY JACKSON;
Assistant Warden,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-422
---------------------------------------------------------
March 15, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Earnest Wynne, Jr., Texas prisoner # 622782, appeals from the district court's grant of summary judgment in favor of appellees Randall Lee Healy, Edward J. Leeves, and Sam Young. He argues that he was denied access to discoverable evidence and that summary judgment was inappropriate because the defendants who had been served did not file their initial disclosures before filing their summary judgment motion, there was allegedly no ruling on qualified immunity, and discovery was incomplete.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews <u>de</u> <u>novo</u> the grant of a motion for summary judgment predicated on qualified immunity. <u>Kipps v. Caillier</u>, 197 F.3d 765, 768 (5th Cir. 1999), <u>cert.</u> <u>denied</u>, 121 S. Ct. 52 (2000). The district court determined that, based upon the competent summary judgment evidence submitted by the movants, Wynne had failed to demonstrate that any of the named defendants had been deliberately indifferent regarding Healy's decision to lessen the work restrictions. The district court gave Wynne notice of its intention to grant summary judgment in favor of Healy, Leeves, and Young on that basis. Wynne, however, failed to set forth specific facts showing the existence of a genuine issue for trial with regard to the defendants' entitlement to qualified immunity. Wynne has thus failed to demonstrate that the district court's grant of summary judgment was error. Accordingly, the judgment of the district court is AFFIRMED.